UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VIRGIL LEE HELTON

VERSUS

JOHN LIPANI, ET AL.

CIVIL ACTION

NO. 13-693-JJB-RLB

**RULING**

This matter is before the Court on the defendants' Motion (doc. 8) to Dismiss. The plaintiff opposes the motion. (Doc. 19). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS** the defendants' Motion (doc. 8) to Dismiss.

**Background**

The following facts come from the amended complaint and are taken as true for purposes of this ruling. The pending litigation contains allegations of sex discrimination under Title VII, claims pursuant to 42 U.S.C. § 1981, and claims under Louisiana state law. The plaintiff alleges that defendant John Lipani created a hostile work environment by harassing and degrading him, which rose to the level of discrimination. The plaintiff named the following individuals as defendants: (1) John Lipani, (2) Rand Beers, Secretary for the Department of Homeland Security (Jeh Johnson, as acting Secretary, has been substituted by operation of law), (3) the United States of America, (4) the Department of Homeland Security, and (5) the United States Border Patrol. (Doc. 2).

Plaintiff Virgil Lee Helton commenced this action by filing his complaint on October 22, 2013. According to the subsequently filed amended complaint, the plaintiff married Jenny Helton in 2000. (Doc. 2, p. 3, ¶¶ 9–10). The plaintiff and his wife both obtained employment with the United States Border Patrol office in Arkansas, and in 2007, they were transferred to the Baton

1

Rouge office. (Doc. 2, p. 3, ¶¶ 11–12). John Lipani acted as supervisor in the Baton Rouge office. (Doc. 2, p. 3, ¶ 13). At some point, defendant Lipani and Jenny Helton began engaging in an extra-marital affair. (Doc. 2, p. 4, ¶ 14). The plaintiff avers that "John Lipani used his supervisory position and power to lure Jenny Helton away from [the plaintiff] on trips and excursions for the express purpose of engaging in [an] extra-marital relationship with the full power and authority of the U.S. Border Patrol and the United States of America . . . ." *Id.* Eventually, Jenny Helton obtained a divorce from the plaintiff and married John Lipani. (Doc. 2, p. 4, ¶ 15).

Presently, the plaintiff alleges that "John Lipani uses any opportunity he can as supervisor to remind Virgil Helton that he is the underling and loser of the affections of Jenny." (Doc. 2, p. 4, ¶ 17). Furthermore, the plaintiff "goes to work and has to suffer his supervisor delivering his children's clothing and belongings from the week-end visitation." (Doc. 2, p. 4, ¶ 18). As a result, the plaintiff asserts that Mr. Lipani created a hostile work environment "based upon sex, namely that [the] [p]laintiff's supervisor is having sex with [the] [p]laintiff's ex wife [sic] and sleeping in the bed with his ex-wife in the house that [the] [p]laintiff's children sleep and that John Lipani used his position of authority to garner such favor and affections." (Doc. 2, p. 4–5, ¶ 19). Furthermore, he claims the other defendants knew of these actions, and they "either condoned [the actions] or turned a blind eye allowing the harassment to continue and ignored the pleas of [the] [p]laintiff to end the harassment." (Doc. 2, p. 5, ¶ 20).

**Analysis**

1. <u>Defendants' Motion to Dismiss (Doc. 8)</u>

As the defendants make multiple arguments for dismissal, the Court will deal with them seriatim. First, the defendants claim that the United States has not waived its sovereign immunity

in this case, and thus, the suit against it cannot continue. (Doc. 8-1, p. 7). For reasons further expounded upon in the defendants' motion, the Court finds that this argument prevails.

Next, the defendants assert that Title VII provides the exclusive remedy in this case, as the plaintiff is a federal employee and is asserting a discrimination claim based on sex. Title VII provides "the exclusive, preemptive, administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Serves. Admin.*, 425 U.S. 820, 829 (1976). Similarly, in a race discrimination suit, the Fifth Circuit previously held that a plaintiff's tort claims were properly barred because "[i]t is well settled that the provisions of Title VII of the Civil Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims." *Hampton v. IRS*, 913 F.2d 180, 183 (5th Cir. 1990). The Fifth Circuit has "interpreted the Supreme Court's mandate in *Brown* to mean that, when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption." *Pfau v. Reed*, 167 F.3d 228, 229 (5th Cir. 1999). In the present matter, all of the claims are based on the same set of facts. Therefore, based on controlling precedent and for additional reasons more fully provided in the defendants' motion and reply (docs. 8 & 21), the Court must dismiss all non-Title VII claims in this case, because the plaintiff is a federal employee and all Title VII and non-Title VII claims are based on the same set of facts.

As a result of Title VII being the sole basis of liability, the defendants claim that the proper defendant is Jeh Johnson, in his official capacity, as he is the acting Secretary of the Department of Homeland Security. As provided in 42 U.S.C. 2000(e)-16(c), "an employee . . . may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." The Fifth Circuit

maintains that this means only the head of the department, agency, or unit, is the proper defendant. *See Honeycutt v. Long*, 861 F.2d 1345, 1349 (5th Cir. 1988). *See also Vinieratos v. United States, Department of Air Force Through Aldridge*, 939 F.2d 762, 772 (9th Cir. 1991) (quoting 42 U.S.C. § 2000e-16(c)) ("Title VII requires that in a civil action alleging employment discrimination by the government, 'the head of the department, agency, or unit, as appropriate, shall be the defendant.'"). Accordingly, defendants John Lipani, Department of Homeland Security, and United States Border Patrol must also be dismissed from the present action, as they are not proper defendants under Title VII.

Finally, the defendants state that the remaining Title VII claims against the remaining defendant, Jeh Johnson, in his official capacity, must be dismissed as the plaintiff fails to plead sufficient facts to state a claim under Title VII. The defendants claim that the plaintiff fails to plead sufficient facts for a Title-VII discrimination claim, as any alleged harassment is not based on a protected status, "but instead on his status as his supervisor's wife's ex-husband."(Doc. 8-1, p. 15). In addition, the defendants aver that the plaintiff fails to plead sufficient facts regarding other requisite elements of a discrimination claim. (*See* doc. 8-1, p. 16–17). Finally, the defendants claim the plaintiff fails to plead sufficient factual allegations regarding his hostile work environment claim. (Doc. 8-1, p. 17–18). In his opposition, the plaintiff fails to present an argument sufficient to rebut the defendants' assertions. Accordingly, and for reasons more fully outlined in the defendants' motion (doc. 8), the Court dismisses the remaining Title VII claims.

## Conclusion

Therefore, the Court **GRANTS** the defendants' Motion (doc. 8) to Dismiss. Furthermore, the Clerk of Court's office shall terminate document 20, as it is now moot.

Signed in Baton Rouge, Louisiana, on June 23, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**